AO 91 (Rev. 11/11) Criminal Complaint     AUSA Barry Jonas (312) 886-8027

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EUNICE SALLEY

CASE NUMBER: **UNDER SEAL**



19CR 797

MAGISTRATE JUDGE VALDEZ

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about December 30, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere, Eunice Salley violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1341 | for the purpose of executing a scheme to defraud, knowingly placed and caused to be placed in an authorized depository for mail an item to be delivered by the United States Postal Service, namely, an affidavit falsely certifying that it was signed by Estella Salley, addressed to the Rexam Retirement Center in Lincolnshire, IL |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

EILEEN MCCHRYSTRAL
Special Agent, Federal Bureau of Investigation (FBI)

Sworn to before me and signed in my presence.

Date: October 22, 2019

City and state: Chicago, Illinois

Judge's signature

Maria Valdez, U.S. Magistrate Judge
*Printed name and Title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, EILEEN MCCHRYSTRAL, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed for 15 years. My current responsibilities include the investigation of Domestic Terrorism to include fraudulent government filings and financial crimes associated with sovereign citizen extremists.

2. This affidavit is submitted in support of a criminal complaint alleging that Eunice Salley has violated Title 18, United States Code, Section 1341. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging Eunice Salley with mail fraud, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, and my review of bank records and other documentation, and interviews I have conducted of witnesses who have knowledge of relevant facts.

*Estella Salley' Pension Plan*

4. American Can Company (ACC) was incorporated in 1901. It was merged with National Can Company in 1987 to become American National Can which was acquired by Rexam, PLC (Rexam) in 2000. Rexam was acquired by Ball Corporation (Ball), on June 30, 2016. According to its website, Ball Corporation is a company that provides packaging solutions for beverage, food and household products customers, as well as aerospace and other technologies and services primarily for the U.S. government.

5. According to employment records provided by ACC, Estella Salley was employed by ACC until her retirement in April 1976. Eligible retired ACC employees, including Estella Salley, received a monthly pension check calculated by "a benefit multiplier per year of service." The pension plan for ACC employees was a single life annuity, which means that the payments were made in a specific identical amount per month and payment terminates upon the death of the pensioner. The annuity did not include any survivor benefits. Beginning in approximately April 1976, ACC issued Estella Salley monthly pension checks in the amount of $ 428.24. The monthly checks were mailed to Estella Salley at 9220 South Dauphin, Chicago, IL 60619.

*Estella Salley's Death*

6. According to a Cook County, Illinois death certificate, Estella Salley passed away on September 12, 2009, at which time her eligibility for the pension payments terminated. Eunice Salley is listed on Estella Salley's death certificate as her granddaughter and informant of death.

2

7. At the time of Estella Salley's death, as previously stated, ACC had become Rexam. Rexam Pension Trust, on behalf of Rexam (hereinafter collectively "Rexam"), issued Estella Salley's ACC pension payments. Rexam was not notified of Estella Salley's death, and therefore continued to issue and mail pension checks in Estella Salley's name to 9220 South Dauphin, Chicago, IL 60619. According to a representative of Rexam, the pension did not include survivor benefits and that Rexam would have stopped sending pension checks upon notification of Estalla Salley's death.

8. From April 2008 to the present, Eunice Salley has lived at 9220 South Dauphin, Chicago, IL 60619. On April, 14, 2008, the deed to the property was quit claimed to Estella Salley and Eunice Salley by Individual A. On October 24, 2008, Estella Salley and Eunice Salley took out a mortgage on the property in the amount of $60,000. On July 27, 2018, Nationstar Mortgage LLC d/b/a Mr. Cooper filed a lis pendens on the property which identified Eunice D. Salley. There are no further filings to indicate the property has changed hands. On August 28, 2019, FBI surveillance observed a person believed to be Eunice Salley exit the residence at 9220 South Dauphin, Chicago, IL and enter a vehicle bearing Illinois license plate number E575598 registered to Eunice Salley at 9220 South Dauphin, Chicago, IL 60619.

*Eunice Salley Deposits Estella Salley's Pension Checks*

9. Between October 2009 and July 2018, Rexam issued approximately 99 pension checks to Estella Salley, each in the amount of $428.24. At least thirty-one

3

of these monthly pension checks were deposited into the below described bank accounts owned and controlled by Eunice Salley.

10. According to bank records provided by Bank of America, on October 17, 2008, Eunice Salley opened a bank account, ending in 5048, under the name "Estella Salley by Eunice D. Salley, Representative Payee by Social Security Administration." On January 2, 2013, and February 4, 2013, two pension checks issued to Estella Salley were deposited into the 5048 account and were endorsed "Estella Salley."

11. According to bank records provided by JPMorgan Chase Bank, on June 25, 2012, Eunice Sally opened a bank account, ending in 9301, under the name "Four Corner Wash Inc." The opening account documents identify the president of Four Corner Wash as Eunice D. Salley and the business address as 9220 South Dauphin, Chicago, IL 60619. The signature card for the account is "Eunice D. Salley." Between April 25, 2013, and October 29, 2013, five pension checks issued to Estella Salley were deposited into the 9301 account and were endorsed "Estella Salley Pay to the Order of Four Corner Wash Eunice D. Salley" or some variation thereof.

12. According to bank records provided by JPMorgan Chase Bank, on June 28, 2012, Eunice Sally opened a bank account, ending in 4596, under the name "[Individual A] by Eunice D. Salley Rep Payee." The taxpayer identification number identified on the opening account documents matches Eunice Salley's social security number and the driver's license matches Eunice Salley's driver's license number. On January 17, 2014, a pension check issued to Estella Salley was deposited into the

4

4596 account and was endorsed "Estella Salley Pay to the Order of [illegible] Eunice Salley."

13. According to bank records provided by TCF Bank, on January 7, 2016, Eunice Salley opened a bank account, ending in 7674, under the name "Eunice D. Salley." The social security number identified on the opening account documents matches Eunice Salley's social security number. On March 28, 2017, a pension check issued to Estella Salley was deposited into the 7674 account and was endorsed "For Deposit Only."

14. According to bank records provided by TCF Bank, on April 5, 2017, Eunice Salley along with Individual B, opened a bank account, ending in 3720, under the name "Eunice D. Salley and [Individual B] as Joint Tenants." One of the social security number's associated with the account matches Eunice Salley's social security number. On July 6, 2017, a pension check issued to Estella Salley was deposited into the 3720 account and was endorsed "For Deposit."

15. According to bank records provided by TCF Bank, on January 20, 2014, Eunice Salley opened a bank account ending in 7270, under the name "Eunice D. Salley as Rep Payee for Estella Salley." The address identified on the opening account documents is 9220 South Dauphin, Chicago, IL 60619 and one of the social security number's associated with the account matches Eunice Salley's social security number. Between December 9, 2014, and February 6, 2017, 12 pension checks issued to Estella Salley were deposited into the 7270 account and were endorsed "Estella Salley." Between April 6, 2017, and December 4, 2017, nine pension checks were

5

deposited into the 7270 account and were endorsed "For Deposit" and/or "For Deposit Only."

*Eunice Salley Submits False Affidavits Via USPS*

16. Ball/Rexam periodically requested that Estella Salley provide proof of her continued eligibility to receive the monthly pension checks through the submission of signed and sworn affidavits. The letters sent by Ball/Rexam stated:

> Our records indicate that the person listed above may be currently receiving or eligible for Rexam Pension Plan benefits. To ensure that our records are current, the Rexam Retirement Center contacts the Social Security Administration each year to verify that former Rexam Pension Plan participants and beneficiaries are still living. During our most recent comparison, the above individual is listed as deceased by the Social Security Administration.

17. The letter further states that "if there has been an error, and the person listed above has not passed away…complete the enclosed Letter of Affidavit, have it notarized, and return it to the Rexam Retirement Center within 30 days of the date of this letter."

18. As set forth, below, on four occasions, Eunice Salley notarized and submitted "Letters of Affidavits" to Ball/Rexam purportedly signed by Estella Salley for the purpose of convincing Ball/Rexam that Estella Salley was alive and therefore eligible to continue receiving monthly pension checks.

19. On March 27, 2010, a Letter of Affidavit was sent to Rexam Benefits Center, which stated that Estella Salley "subject to the applicable penalties of the laws of this state, declare that I am the aforesaid individual listed above [Estella Salley]." The affidavit was signed "Estella Salley" with Estella Salley's correct social

security number, according to records provided by Rexam and according to the death certificate. The affidavit was notarized by Eunice D. Salley certifying that "on this 27 day of 03, 2010 before me personally came the above person, to me known to be the individual who signed the above knowingly and willingly."

20. On January 29, 2011, a Letter of Affidavit was sent to Rexam Benefits Center, which stated that Estella Salley, "subject to the applicable penalties of the laws of this state, declare that I am the aforesaid individual listed above [Estella Salley]." The affidavit was signed "Estella Salley" with Estella Salley's correct social security number. The affidavit was notarized by Eunice D. Salley certifying that "on this 29 day of 1, 2011 before me personally came the above person, to me known to be the individual who signed the above knowingly and willingly."

21. On September 13, 2011, a Letter of Affidavit was sent to Rexam Benefits Center, 100 Half Day Road, P.O. Box 1481, Lincolnshire, IL 60069-148. The affidavit was sent via United States Postal Service and the envelope was postmarked "Chicago IL." The return address of the envelope used to send the affidavit identified the sender as "Estella Salley 9220 S. Dauphin Ave. Chicago, IL 60619." The affidavit stated that Estella Salley, "subject to the applicable penalties of the laws of this state, declare that I am the aforesaid individual listed above [Estella Salley]." The affidavit was signed "Estella Salley" with Estella Salley's correct social security number. The affidavit was notarized by Eunice Salley certifying that "on this 13th day of Setp (09) [sic], 2011 before me personally came the above person, to me known to be the individual who signed the above knowingly and willingly."

7

22. On or about December 30, 2015, a Letter of Affidavit was sent to Rexam Retirement Center, P.O. Box 1481, 4 Overlook Point, Lincolnshire, IL 60069-148. The affidavit was sent via United States Postal Service and was postmarked "South Suburban IL 604." According to open source research, the post office identified as "South Suburban" is located in Bedford Park with a zip code of 60499. The return address of the envelope used to send the affidavit identified the sender as "Estella Salley 9220 S. Dauphin (illegible) Chicago, IL 60619." The affidavit stated that Estella Salley, "subject to the applicable penalties of the laws of this state, declare that I am the aforesaid individual listed above [Estella Salley]." The affidavit was signed "Estella Salley" with Estella Salley's correct social security number. The affidavit was notarized by Eunice Salley certifying that "on this 27th day of 12, 2015 before me personally came the above person, to me known to be the individual who signed the above knowingly and willingly."

23. Based on the foregoing, I respectfully submit that there is probable cause to believe the Eunice Salley, for the purpose of executing a scheme to defraud, knowingly placed and caused to be placed in an authorized depository for mail an item to be delivered by the United States Postal Service, namely, an affidavit falsely certifying that it was signed by Estella Salley, addressed to the Rexam Retirement Center in Lincolnshire, Illinois.

FURTHER AFFIANT SAYETH NOT.

_____
EILEEN MCCHRYSTRAL
Special Agent, Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me on October 22, 2019.

_____
Maria Valdez
United States Magistrate Judge

9