# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 19-cr-797-1 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| EUNICE SALLEY, a/k/a EUNICE ) | |
| SALLEY DOBYNS, a/k/a OYA AWANATA- ) | |
| BEY, and a/k/a OYA AWANATA ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion for reconsideration [147] is denied. This case remains set for status hearing on 7/29/2021 at 10:00 a.m.

## I.  Background

A more extensive recitation of the background to this case is set forth in the Court's April 28, 2021 memorandum opinion and order [144]. Briefly stated, Defendant is charged with twenty-nine counts of fraud. About a quarter of the charges relate to allegations of pension and mail fraud; the remaining charges arise out of an alleged scheme to file false tax returns. Throughout the case, Defendant has made arguments that resemble those asserted by "sovereign citizens" and insisted that she has diplomatic immunity from any criminal charges. Defendant has raised—and now reasserted—several additional arguments in support of her contentions that the charges against her should be dismissed. The Court previously rejected all of Defendant's arguments and does so again in this opinion.

## II.  Legal Standard

Although the Federal Rules of Criminal Procedure do not authorize motions to reconsider, the courts have recognized such motions as "ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States*

*v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 77 (1964)). As in civil cases, motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

Defendant's motion for reconsideration consists largely of a repetition of the titles of her prior motions. The motion is almost entirely devoid of any legal analysis or explanation, even in layperson's terms, for why Defendant believes the Court's rulings were legally or factually incorrect. The motion for reconsideration also contains a few new arguments, as well as a few variations on old themes. But none of the arguments is convincing, so the motion will be denied in its entirety. Nevertheless, in the interest of making a complete record, the Court will address (at least briefly) each of the topics raised in Defendant's motion.

### III. Analysis

#### A. Motion to Obtain Diplomatic Records

As noted above, throughout this case Defendant has maintained—without any evidentiary support of any kind—that she is a diplomat and has immunity from suit on that basis. The Court previously rejected this claim as baseless [see 144, at 4]. Defendant has insisted that the Court could somehow demand records from the State Department that would support Defendant's claim. To test that proposition, the Government made a request to the State Department for any available records relating to Defendant's claim of diplomatic immunity. Attached as Exhibit A to the Government's response brief [150] is the State Department's response which states that neither

Eunice Salley, Eunice Salley Dobbins, Eunice Salley Dobyns, Owa Awanata, or Owa Awanata-Bey have diplomatic immunity. The State Department letter further states that there are no Al Moroccan, Al Moroccan Empire National Republic, or Al Moroc embassies in the United States. In short, Defendant is not a diplomat, does not have diplomatic immunity, and continues to have no evidentiary basis in support of her claims to the contrary.

### B. Motion to Produce Search Warrants

The Government has confirmed that on January 14, 2020, it provided to Defendant copies of the following search warrants, identified by bates label, Magistrate number, and the item/location that was searched:

> SW_001 - 18 M 442 (prosa2908@gmail.com and prose0102@gmail.com)
> SW_002 - 19 M 286 (enhanceyourvision2012@yahoo.com and enhanceyourvision@yahoo.com)
> SW_003 - 19 M 287 (henrybenjamin87@gmail.com, marquettalond@gmail.com and
> privateoya@gmail.com)
> SW_004 - 19 M 712 (9220 S. Dauphin – defendant's home)

On August 26, 2020, after Defendant claimed that she did not receive copies of the search warrants, the Government reproduced the search warrants, with new bates numbers, and produced one additional search warrant:

> SW_005 - 19 M 286 (enhanceyourvision2012@yahoo.com and enhanceyourvision@yahoo.com)
> SW_006 - 19 M 712 (9220 S. Dauphin)
> SW_007 - 19 M 287 (henrybenjamin87@gmail.com, marquettalond@gmail.com and
> privateoya@gmail.com)
> SW_008 - 18 M 442 (prosa2908@gmail.com and prose0102@gmail.com)
> SW_009 - 20 M 180 (prosa2909@gmail.com)

The Government represents that there have been no other search warrants executed in this matter. Defendant's request for the production of search warrants therefore is denied as moot.

### C. Motion to Produce Arrest Warrant

On April 30, 2021, the Government provided a copy of the arrest warrant to stand-by counsel with the understanding that stand-by counsel would forward the arrest warrant to Defendant. Based on that representation, the motion to produce the arrest warrant also is denied as moot.

### D. Motion for a Bill of Particulars and a Bill of Exception

Defendant's initial motion [131], filed on February 10, 2021, did not ask the Court to order the Government to produce a bill of particulars and a bill of exception, so the Court has not had the opportunity to rule on the merits of this request. The request, however, is not well-founded and thus is denied.

#### 1. Bill of Particulars

Federal Rule of Criminal Procedure Rule 7(c)(1) requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Seventh Circuit has held that an indictment is constitutionally sufficient if it: (1) states all the elements of the offense charged; (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. See, e.g., *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995); *United States v. Watkins*, 709 F.2d 475, 478 (7th Cir. 1983). It is well-settled that "the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). However, "[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial." *United States v.*

*Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (citations and internal quotation omitted). Consistent with the general proscription against compelled pretrial disclosure of the details of the government's evidence, courts have held that a motion for a bill of particulars should be denied when the indictment and the discovery provided by the government adequately informs the defendant of the charges. See*, e.g., United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) ("a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery"). In short, a defendant is not entitled to a roadmap of the trial evidence or "all the details of how [the charges] will be proved." *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997), *vacated on other grounds by* 526 U.S. 813 (1999) (citing *Kendall*, 665 F.2d at 135 (7th Cir. 1981)).

Neither Defendant's original motion nor her motion for reconsideration explains how the 20-page second superseding indictment [102, 103], coupled with the voluminous discovery, fail to adequately inform her of the charges or inhibit her ability to prepare her defense. These materials are more than sufficient to state the elements of the charges and inform the defendant of the nature of the charges and the factual basis on which they rest so that she may prepare a defense. Accordingly, the motion for a bill of particulars is denied.

2. **Bill of Exception**

Defendant does not articulate what she means in requesting a "bill of exception," nor does she cite any rule of criminal procedure, evidence, or any other rule or statute that might shed additional light on the matter. The Government has identified the term in a legal dictionary and case law more than a century old, which indicates at least one use of the term as a mechanism for setting forth issues for appeal that otherwise might not appear in the record. See*, e.g., Old Nick Williams Company v. United States*, 30 S. Ct. 221 (1910). If that is indeed the sense in which

Defendant invokes the concept, it is not germane at this stage of the case because there is no issue in this case that is ripe for appeal. In any event, Defendant provides no authority for ordering the production of a bill of exception, so her motion is denied.

**E.    Motion for the Records of the Grand Jury**

The Court previously addressed certain issues raised by Defendant about the grand jury process [see 144, at 6-7]. In the instant motion, Defendant asks for records of the grand jury "that recorded the number of juror concurring that was filed." The case law makes clear that "[b]ecause grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that 'particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment.'" *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004) (cleaned up). Defendant has not met that burden. Therefore, her motion is denied.

**F.    Motion to Produce the Source of Complainant's Information**

Defendant's request for production of the source of the complainant's information is sensible, but the voluminous production of discovery in the case—totaling 8.90GB and 22 discs (5 of which are blu-ray discs)—undoubtedly satisfies Defendant's request. Absent any showing that the production is incomplete, the motion is denied as moot.

**G.    Motion to Produce the Complaint**

As the record reflects [see 5], Defendant was provided a copy of the complaint in open court during her initial appearance before Magistrate Judge Valdez on October 23, 2019. The complaint also is accessible on the public docket [see 1]. Defendant therefore has received the

document and should have ready access to it electronically at any time. Her motion asking the Court to order the Government to produce the complaint therefore is denied as moot.

### H. Motion to Suppress All Evidence Discovery

To the extent that Defendant asks the Court to suppress all evidence, she provides no supporting facts or legal analysis grounded in either case law, the rules of criminal procedure, or the rules of evidence to justify the suppression or exclusion of any evidence. To be sure, Fed. R. Crim. P. 12(b)(4)(B) requires the government, upon a request by the defendant, to provide notice of its intent to use evidence at trial in order to afford a defendant an opportunity to file a motion to suppress that evidence. The Court is not aware of any such request that Defendant has made, though it notes that the Government plainly is aware of its obligations [see 136, at 22]. The motion to suppress evidence is denied and any motion to compel compliance with Rule 12(b)(4)(B) is denied without prejudice as premature.

### I. Motion to Enter into Exclusive Jurisdiction at Chambers

The Court is uncertain what relief Defendant seeks through her motion to enter into "original exclusive jurisdiction at chambers." But no rule or case law is cited in support of this nebulous concept. The motion therefore is denied.

### J. Motion to Unappoint Standby Counsel

As explained in the Court's prior ruling [144, at 10], as well as in open court, the appointment of standby counsel is routine in complex *pro se* matters like this one and entirely warranted under Seventh Circuit law on the basis of the record as a whole in this case. The Court will not reiterate these points at this time—though it undoubtedly will prior to trial—and simply will deny reconsideration of this ruling.

### K. Motion for Statements of Defendant to Law Enforcement

On or about November 19, 2019, the Government provided the defendant with the only statement that she made to law enforcement (bates stamped "Media 1"). This motion therefore is denied as moot.

**L.     Motion for the Enforcement of Diplomatic Immunity**

As explained previously [144, at 4] and above, Defendant does not possess diplomatic immunity. This motion is also denied.

**M.     Motion for the Status Document to be Put Back into the Case**

Defendant does not provide any facts or legal analysis in support of this motion, or even identify with any specificity the document to which she is referring. Absent that type of information, the Court has no basis for granting the requested relief and thus denies the motion.

**N.     Motion to Strike all Surplusages of A.K.A.s**

The Court has previously addressed the propriety of the Government's use of aliases and "a/k/a" designations [see 144, at 8]. The Government has agreed not to use certain aliases that do not appear to have been used in the commission of any of the charged offenses. Nothing further need be addressed on this issue at this time. The motion is denied without prejudice to further consideration at the time of trial [see *id.*].

**O.     Motion for Sanctions on the Prosecutors for Vindictive Prosecution and Selective Prosecution**

The Court has previously rejected as baseless Defendant's claims regarding vindictive prosecution and selective prosecution [see 144, at 4-6]. Defendant does not set forth any factual or legal basis to support these claims, so the motion is denied.

**P.     Motion for a Restraining Order Pursuant to Diplomatic Security**

In regard to the request for a restraining order pursuant to diplomatic security, as explained above, the absence of any diplomatic post and/or immunity is dispositive. Moreover, Defendant

does not set forth any factual or legal basis to support a claim under the Fourth, Fifth, or Eighth Amendments. Finally, Defendant has been subject to the same process as every other person indicted in this District in regard to issues relating to detention and release. This motion, too, is denied.

Q. **Motion for Release**

Both the undersigned and the assigned Magistrate Judges have ruled on motions for pre-trial release. [See 6, 7, 53, 57, 61.] The prior orders stand absent any motion for reconsideration based on changed circumstances, which Defendant has not filed.

R. **Motion to Dismiss Based on Diplomatic Immunity**

The motion to dismiss based on asserted diplomatic immunity is denied for the reasons stated in the Court's prior ruling [144] and reaffirmed above.

S. **Motion to Dismiss Based on Oya Awanata Not on Warrant or Indictment**

The motion to dismiss based on the absence of Defendant's preferred name of Oya Awanata on the warrant or indictment also are denied for the reasons stated in the Court's prior order [144, at 7-8].

T. **Motion to Dismiss Based on Diplomatic Immunity**

The motion to dismiss based on asserted diplomatic immunity is denied for the reasons stated in the Court's prior ruling [144] and reaffirmed above.

U. **Motion to Court to Execute and Enforce all Motions**

Defendant's final motion also lacks any factual basis or legal support and thus is denied.

Dated: July 12, 2021

_____
Robert M. Dow, Jr.

United States District Judge